**KASEN & KASEN, P.C.**
115 Broadway
5th Floor
New York, New York 10006
Telephone: (646) 397-6226
Facsimile: (646) 786-3611
Michael J. Kasen, Esq.
mkasen@kasenlaw.com
*Attorneys for Debtor*

Hearing Date: September 9, 2021
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| REBA MILLER, | Chapter 7 |
| Debtor. | Case No. 21-10230-MEW |
| KE HE, | |
| Plaintiff, | |
| -against- | Adv. Pro. No. 21-01123-MEW |
| REBA MILLER, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNTS 2, 3, AND 4 OF THE AMENDED COMPLAINT**

TO: THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Reba Miller, by and through her undersigned attorneys, Kasen & Kasen, P.C. and respectfully submits this Memorandum of Law in Support of her Motion to Dismiss the Plaintiff's Amended Complaint in the above referenced adversary proceeding with prejudice, and for such other and further relief as this Court deems just and proper.

**PRELIMINARY STATEMENT**

Reba Miller (hereinafter, the "Debtor", the "Defendant, or "Miller") filed for relief under Chapter 7 of the Bankruptcy Code on February 5, 2021. On May 4, 2021, Ke He (hereinafter, the "Landlord") initiated an Adversary Proceeding styled as Ke He v. Miller, Adv. Pro. No 21-01123-MEW (hereinafter, the "Adversary Proceeding") by filing a Complaint Objecting to the Debtor's Discharge (hereinafter, the "Complaint") pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(D), 727(a)(5) and 727(a)(11).

The Plaintiff in this Adversary Proceeding is one of two parties who were the landlords and owners of the apartment in which the Debtor resides with her special needs son as the tenants. The Debtor does not dispute that she has failed to pay rent timely or fully. The Landlord seems to attempt to take a two-party dispute and spin or create facts that would lead to the denial of the Debtor's discharge. It is of note that there are no arguments that the particular debt owed to the Landlord is non-dischargeable.

On June 4, 2021, the Defendant filed a Motion to Dismiss Complaint (CM/ECF No. 4[1]) (hereinafter, the "Motion to Dismiss Complaint") which motion was granted as to counts 2, 3 and 4 of the Complaint. On July 29, 2021 the Plaintiff filed an Amended Complaint Objecting to

---

[1] References to CM/ECF docket numbers refer to docket numbers in the Adversary Proceeding, unless otherwise noted.

Discharge of Defendant (CM/ECF No. 7) (hereinafter, the "Amended Complaint"), amending counts 2, 3 and 4 of the Complaint by, ostensibly, adding "upon information and belief" language mirroring the various elements of the claims dismissed previously.[2]

## LEGAL ARGUMENT

As the United States Supreme Court has repeatedly emphasized in recent years, "only a complaint that states a plausible claim for relief [will] survive a motion to dismiss." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," and "more than an unadorned, the defendant unlawfully-harmed me accusation." Id. At 1949; *see also* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions".

In applying these standards under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b), a court must accept as true well plead factual allegations. *See* Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). However, allegations consisting of a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Conclusions unsupported by the facts alleged, legal conclusions, bald assertions or unwarranted inferences do not survive a motion to dismiss. Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

---

[2] See i.e. "Upon information and belief, Defendant has transferred, removed and concealed substantial funds of Defendant to her trust within one year before the date of the filing of the petition" (CM/ECF No. 7, ¶ 77); "Upon information and belief, Defendant has transferred, removed and concealed substantial funds of Defendant to her family members within one year before the date of the filing of the petition." (CM/ECF No. 7, ¶ 78); "Upon information and belief, Defendant has transferred, removed and concealed substantial funds of Defendant to her personally owned corporations R.P. Miller Realty Group, Inc. and R.P. Miller & Associates, Inc. within one year before the filing of the petition." (CM/ECF No. 7, ¶ 79); "Defendant made such fraudulent transfer, removal and concealment of her property with the intent to hinder, delay or defraud Plaintiff and/or the Trustee." (CM/ECF No. 7, ¶ 80). See also CM/ECF No. 7, ¶¶ 84-89, 92-95.

3

short of the line between possibility and plausibility of entitlement to relief." Iqbal at 677 (quoting Twombly, at 557) (internal quotations marks omitted). "Although for the purposes of a motion to dismiss [the court] must take all of the factual allegations in the complaint as true, [the court] [is] not bound to accept as true a legal conclusion couched as a factual allegation" Iqbal at 677 (quoting Twombly at 555) (internal quotation marks omitted).

Claims brought pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)((2)(B) and 727(a)(4)(D) all "include fraudulent intent as an element and therefore must be pleaded with particularity under Fed. R. Civ. P. 9(b)." Hill v. Yong Seop Yoon (In re Yong Seop Yoon, 2011 LEXIS 1211, 3 (Bankr. S.D. Tex. April 1, 2011) (*citing* Guerriero v. Kilroy (In re Kilroy), 354 B.R. 476, 498 (Bankr. S.D. Tex. 2006) ("Because a fraudulent intent is required, § 727(a)(2) is subject to Rule 9(b).")).

Fed.R.Civ.P. 9(b) creates a heightened pleading standard for claiming fraud, as is claimed in Counts 2, 3 and 4 of the Amended Complaint. The Rule requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake [. . .] be stated with particularity." Fed.R.Civ.P. 9(b). The purpose behind this rule is: "(1) to provide a defendant with a fair notice of the claims against him; (2) to protect a defendant from harm to his reputation or goodwill by unfounded allegations of fraud; and (3) to reduce the number of strike suits." Granite Partners, L.P. v. Bear Sterns & Co., 12 F.Supp.2d 275, 285-86 (S.D.N.Y. 1988). To satisfy Fed.R.Civ.P. 9(b)'s pleading requirements, "a complaint must allege with some specificity the acts constituting fraud [. . .] conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." In re Actrade Financial Technologies Ltd., 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005).

Here, the Second Cause of Action of the Amended Complaint seeks to deny the Debtor her discharge pursuant to 11 U.S.C. § 727(a)(2)(A). Section 727(a)(2)(A) provides that the court shall

4

grant a discharge "unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate [. . .] has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition" 11 U.S.C. § 727(a)(2)(A).

"To prove a violation of section 727(a)(2), a creditor [. . .] must show both an act (i.e., transferring or concealing) and an improper intent. The statute requires *actual* intent to hinder, delay, or defraud creditors or the trustee. Constructive intent to defraud does not suffice." Tese-Milner v. Gordon (In re Gordon), 2015 Bankr. LEXIS 131 at p. 48 (Bankr. S.D.N.Y January 13, 2015).

The Amended Complaint fails to adequately allege any of the required elements to sustain a denial of discharge under Section 727(a)(2)(A). There are no allegations that the Debtor transferred, removed, destroyed, mutilated, or concealed any property other than a bare recitation of these elements and legal conclusions couched as factual allegations which allegations should be disregarding in determining the sufficiency of the pleading. While the intent element need not be shown directly, allegations amounting to the badges of fraud must be plead with specificity, which has not been done here. The Second Cause of Action must be dismissed for failure to state a claim upon which relief can be granted.

The Third Cause of Action of the Amended Complaint seeks denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(B). Section 727(a)(2)(B) provides that the court shall grant a discharge "unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate [. . .], has transferred, removed, destroyed, mutilated, or concealed [. . .] property of the estate, after the date of the filing of the petition" 11 U.S.C. § 727(a)(2)(B). Again, the Landlord, in the Amended Complaint, does not allege any of the elements required for a denial of

discharge pursuant to Section 727(a)(2)(B) except a bare recitation of those elements and legal conclusions couched as factual allegations, and as such, the Third Cause of Action must be dismissed for failure to state a claim upon which relief can be granted. The Defendant still does not have the ability to identify what property the Landlord alleges was transferred, when it was transferred or to whom it was transferred. The requisite pleading standards exist, at least in part, to enable a defendant to adequately respond to the allegations and here, the Defendant does not have that ability.

The Fourth Cause of Action of the Amended Complaint seeks a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D). Section 727(a)(4)(D) provides that the court shall grant a discharge "unless the debtor knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs" 11 U.S.C. § 727(a)(4)(D). Yet again, the Landlord, in her complaint, does not allege any of the elements required for a denial of discharge pursuant to Section 727(a)(4)(D) except a bare recitation of those elements and legal conclusions couched as factual allegations. The Defendant is not provided with the necessary information to respond to this count of the Amended Complaint. The Defendant is unable to identify what the Landlord alleges was "withheld" from the trustee except that the Landlord states that "Upon information and belief, Defendant knowingly and fraudulently, in or in connection with the Bankruptcy Case, withheld from the Trustee information, documents, records, and papers relating to Defendant's living trust [. . .] Defendant's bank accounts [. . .] Plaintiff's financial affairs with Bershire Hathaway Home Services [. . .] Plaintiff's financial affairs with Stephen Gaynor School" (CM/ECF No. 7, ¶¶ 92-95). There is notably no allegation of any request for such information or requirement to provide

such information nor is there any allegations that relate to the Defendant's intent other than the bare recitation that the Defendant withheld information (that is not shown to have been requested) "knowingly and fraudulently". This is nothing more than a recitation of the elements of a 727(a)(4)(D) claim and do not amount to a plausible allegation and as such, the Fourth Cause of Action must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

WHEREFORE, for the forgoing reasons, the Defendant respectfully requests that the Court grant her Motion to Dismiss the Complaint with prejudice, and grant such other and further relief as deemed just and proper.

Dated: New York, New York
      August 12, 2021                                 KASEN & KASEN, P.C.

                                                 By:   /s/ Michael J. Kasen
                                                           Michael J. Kasen, Esq.
                                                           Attorneys for Defendant Reba Miller
                                                           115 Broadway, 5th Floor
                                                           New York, New York 10006
                                                           (646) 397-6226